IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JEFFREY SCOTT GENTRY                                                          PLAINTIFF

VS.                                                   CIVIL ACTION NO. 3:09cv173-DPJ-FKB

WEXFORD HEALTH SERVICES, et al.                              DEFENDANTS

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's motion for a temporary restraining order. Having considered the motion, the undersigned recommends that it be denied.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). That test requires that a plaintiff seeking injunctive relief establish (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that the threat and injury to the plaintiff outweighs the threat and harm the injunction may do to the defendants; and (4) that granting the injunction will not disserve the public interest. *Mississippi Power & Light Co.*, 760 F.2d at 621. These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order. *Id.*

By his motion, Plaintiff seeks an order compelling prison medical officials to provide appropriate medical treatment and schedule him for surgery. However, neither his motion nor the accompanying affidavit alleges facts indicating that any of the prerequisites for temporary injunctive relief could be met. For these reasons, the

undersigned recommends that Plaintiff's motion be denied without a hearing.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 30th day of April, 2010.

                                        /s/ F. Keith Ball
                                        UNITED STATES MAGISTRATE JUDGE