IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JEFFERY SCOTT GENTRY                                              PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:09cv173-DPJ-FKB

WEXFORD HEALTH SOURCES, INC., et al.                         DEFENDANTS

REPORT AND RECOMMENDATION

This cause is before the Court on the motion for summary judgment [dkt. No. 135] filed by Defendants Wexford Health Sources, Inc. (Wexford), April Meggs, R.N. (Meggs), Thomas Lehman, M.D. (Lehman), and Ronald Woodall, M.D. (Woodall) (the Wexford Defendants). Plaintiff has responded to the motion [159]. Having considered the motion, response, and the admissible evidence of record, the undersigned recommends that the motion be granted and these defendants dismissed.[1]

Plaintiff is a state inmate currently incarcerated at Central Mississippi Correctional Facility (CMCF). Defendant Wexford contracts with MDOC to provide healthcare to MDOC inmates. Defendants Dr. Ronald Woodall and Dr. Thomas Lehman are

---

[1] As the parties are undoubtedly aware, this motion has been pending for some time. Since its filing, another group of defendants (the MDOC Defendants) and Defendant Kentrell Liddell have also filed motions for summary judgment. The undersigned attempted to wait until all three motions for summary judgment were ripe for consideration so that they could all be dealt with in one report and recommendation. However, a protracted discovery dispute between Plaintiff and the MDOC Defendants has delayed consideration of the summary judgment motion of those defendants, and Plaintiff has recently filed a motion for a Rule 56(d) continuance with regard to Liddell's summary judgment motion. The undersigned has concluded that a ruling on the Wexford Defendants' motion should be delayed no longer.

physicians employed by Wexford. April Meggs is the nursing director at South Mississippi Correctional Institution (SMCI). Gentry brought this action under § 1983 alleging denial of medical care. Specifically, his claims against the Wexford Defendants are that Dr. Woodall and Dr. Lehman wrongfully denied or delayed an outside neurological consult for him in March 2008, that in March 2009, Dr. Woodall wrongfully encouraged Dr. Lehman to deny a request for an MRI, and that Dr. Woodall refused to treat him and failed to provide him with appropriate pain medication.

Plaintiff's prison medical records, which have been submitted in support of the motion, indicate the following. In 2006, while he was free-world, Plaintiff underwent a lumbar laminectomy. Since then he has suffered from chronic lumbar pain. When he entered MDOC custody in 2006, Plaintiff was initially housed at Central Mississippi Correctional Facility (CMCF). At CMCF, medical personnel treated his pain with Ultram, a narcotic, and Baclofen, a muscle relaxer. In October of 2007, Plaintiff was transferred to SMCI. Wexford medical personnel at SMCI, including Dr. Woodall, chose to manage Gentry's pain with different medications, in part, according to Dr. Woodall, because they believed Ultram, a narcotic medication subject to abuse by inmates, was not appropriate for treatment of chronic pain. Plaintiff filled out frequent and numerous sick call requests while at SMCI, insisting that the pain medication prescribed for him was not effective. Dr. Woodall saw him frequently and prescribed numerous alternative medications for pain, including muscle relaxers and anti-inflammatory drugs. Nevertheless, Gentry continued to complain of lumbar pain and to demand narcotics - particularly Ultram.

In March of 2008, another physician at SMCI, Dr. Charmaine McCleave, submitted

a request for a neurosurgical consult.  Dr. Thomas Lehman, the Wexford Associate Regional Director for Mississippi, reviewed the request, reviewed Plaintiff's medical records, and discussed the request with Dr. Woodall.  Dr. Lehman concluded that a neurosurgical consult was unnecessary and denied the request.  However, several months later, after Plaintiff continued to complain of back pain, Dr. Woodall requested a neurosurgical consult.  This request was reviewed by MDOC's Office of Medical Compliance and was approved.  As a result, in June 2008 Plaintiff was transferred to CMCF for an appointment with Dr. Howard Holaday, a neurosurgeon.  Dr. Holaday concluded that Plaintiff needed cervical surgery and subsequently performed an anterior decompression and fusion at C4-5, C5-6, and C6-7.  He also ordered an MRI of Plaintiff's lumbar spine.  Dr. Holaday did not recommend lumbar surgery, and he released Plaintiff to return to him on an as-needed basis.

Plaintiff remained at CMCF and continued to complain of pain and to request narcotic medications, which were provided intermittently but not on a regular basis.  In March of 2009, he was again evaluated by Dr. McCleave.  Dr. McCleave requested approval for an MRI of Plaintiff's lumbar spine.  The request was submitted to MDOC's Office of Medical Compliance, where it was reviewed by Dr. Zane.  The request was not approved.  Again, in October of 2009, a nurse practitioner submitted a request for a specialty care consult to request an MRI of Gentry's lumbar spine.  In response, Dr. Lehman reviewed all of Plaintiff's medical records and concluded that the request for an MRI had been based upon an inaccurate history provided by Plaintiff.  Dr. Lehman denied the request.

In support of their motion, movants have included affidavits of Dr. Woodall and Dr. Lehman. In his affidavit, Dr. Woodall explains in detail his medical decision to discontinue Ultram for treatment of Plaintiff's pain and explains his choices for other medication. He states that the decision to deny the March 2008 request for a consultation was not his. He also explains the conversation which is the apparent basis for Plaintiff's allegation that Dr. Woodall refused to treat him. Although Dr. Woodall was primarily based at SMCI, he would periodically see patients at CMCF. According to Dr. Woodall, on one occasion when Plaintiff was at the CMCF clinic, Dr. Woodall told Plaintiff that it would not be appropriate for him to continue treating Plaintiff because of the present pending lawsuit.

In his affidavit, Dr. Lehman explains his reasons for denying the March 2008 and October 2009 consult requests. In the affidavit, he states his opinion that Plaintiff's complaints were of the type commonly associated with degenerative arthritis. Plaintiff's reflexes, gait, strength in lower extremities and leg-raising tests were all normal, and Plaintiff had experienced no marked change in his condition that, in Dr. Lehman's opinion, would warrant a neurological evaluation. Furthermore, he points out that Dr. Holaday had not requested or recommended any further neurologic evaluation when he discharged Plaintiff from his care in December 2008.

Plaintiff has alleged no personal involvement of any kind by Defendant April Meggs, the nursing director at SMCI. Furthermore, Dr. Woodall has confirmed in his affidavit that Meggs was not involved in Plaintiff's health care.

In his response to the motion, Plaintiff has, in his own sworn affidavits, raised some factual issues concerning matters addressed in Defendants' affidavits. For

example, he states that when Dr. McCleave first recommended an MRI, Dr. Woodall, whose office was next door, stated emphatically that "he would not put Gentry in for a MRI." This statement, if true, would lend some support to Plaintiff's allegation that Dr. Woodall encouraged Dr. Lehman to deny the consult request. In describing the occasion on which Dr. Woodall allegedly refused to treat him at CMCF, Gentry states that on March 25, 2009 when he went to the clinic, Dr. Woodall asked him if he (Gentry) had named him as a defendant in a lawsuit. Plaintiff responded in the affirmative but stated that he only wanted to discuss his medical concerns, not the lawsuit. According to Plaintiff, Dr. Woodall then leaned forward, said "You can consider yourself unprovided," and walked away.

      Where the wrong alleged is a denial of medical care, a prisoner must establish deliberate indifference to serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Proof of deliberate indifference requires the prisoner to show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001). While Plaintiff's affidavits raise some factual issues, those issues are not material. Plaintiff has come forward with no evidence to support his belief that Dr. Woodall encouraged Dr. Lehman to deny the neurological consult in 2008 for some wrongful purpose or that Plaintiff had a serious medical need for the consult. Neither is there any evidence that Gentry had a serious medical need for the MRI he claims Dr. Woodall wrongfully denied

him. Although Dr. Woodall may have refused to treat him on one occasion after the filing of the present lawsuit, it is clear from Plaintiff's own affidavit that other health care providers were available to treat him within a reasonable period of time and that Plaintiff had no serious or acute medical need on the specific date when Dr. Woodall refused to see him in clinic. In short, there is nothing in either the medical record or Plaintiff's own sworn testimony and affidavits to indicate that either Dr. Woodall or Dr. Lehman was deliberately indifferent to his serious medical needs. Rather, it is obvious from the record that the crux of Plaintiff's claim is that he believes he should have been referred for additional outside neurological consults and that he believes it is unfair that healthcare professionals - particularly Dr. Woodall - have denied him Ultram in part because it has been abused by *other* inmates. Plaintiff's dissatisfaction and disagreement with his medical treatment does not give rise to a constitutional claim. *See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997). The undersigned concludes that Plaintiff has failed to establish that there exists a genuine issue of material fact concerning his allegations that movants were deliberately indifferent to his serious medical needs. The undersigned recommends that the Wexford Defendants be granted judgment in their favor as a matter of law.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual

findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 4th day of August, 2011.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE
