IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JEFFERY SCOTT GENTRY                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:09cv173-DPJ-FKB

WEXFORD HEALTH SOURCES, INC.,
KENTRELL LIDDELL, GLORIA PERRY,
APRIL MEGGS, THOMAS LEHMAN,
CHRISTOPHER EPPS, EMMITT SPARKMAN,
RONALD KING, HUBERT DAVIS, JOHNNIE
DENMARK, and RONALD WOODALL                                                        DEFENDANTS

ORDER

Plaintiff Jeffery Scott Gentry filed this action against various defendants involved in his medical care during his incarceration at South Mississippi Correctional Institution. There are currently three motions for summary judgment [135, 138, 202], one Report and Recommendation [218], and one motion for voluntary dismissal [224] pending in this matter, all of which are addressed in this Order. For the reasons explained below, the Court finds that the motions for summary judgment should be granted; the unopposed Report and Recommendation should be adopted as the opinion of the Court; the motion for voluntary dismissal should be denied; and this action should be dismissed with prejudice.

I.      Report and Recommendation

Turning first to the Report and Recommendation [218], Magistrate Judge F. Keith Ball recommended granting the Wexford Defendants' motion for summary judgment [135] (filed August 27, 2010) and dismissing all claims against Wexford Health Sources, Inc., April Meggs, R.N., Thomas Lehman, M.D., and Ronald Woodall, M.D. with prejudice. On

August 17, 2011, Gentry was given until September 2, 2011, to file his Objections to the Report and Recommendation.  He failed to do so, opting instead to file a motion to voluntarily dismiss [224] this action, which is addressed in Section III of this Order.

The Court, having fully reviewed the unopposed Report and Recommendation of the United States Magistrate Judge entered in this case, and being duly advised in the premises, finds that said Report and Recommendation is meritorious and should be adopted as the opinion of this Court.  The Wexford Defendants' motion for summary judgment [135] is **granted**;  all claims against Wexford Health Sources, Inc., April Meggs, R.N., Thomas Lehman, M.D., and Ronald Woodall, M.D. are dismissed with prejudice.

II.     Remaining Motions for Summary Judgment

Defendants Christopher Epps, Ron King, Emmitt Sparkman, and Gloria Perry filed a Motion for Summary Judgment [138] on September 3, 2010. Defendant Kentrell Liddell filed a separate motion for Motion for Summary Judgment [202] on July 4, 2011.  Plaintiff has failed to respond to the motions.[1]  Having considered the motions and supporting evidence, the Court concludes that the motions should be **granted**.  Furthermore, the Court finds that the claims against Defendants Hubert Davis and Johnnie Denmark should be **dismissed** *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2).

---

[1]The motion of Epps, King, Sparkman and Perry was filed September 3, 2010. Since that time, Plaintiff has requested and received numerous extensions to respond to the motion based upon his contentions that he has not received adequate discovery. Defendant Liddell's motion was filed on July 4, 2011.  On August 5, 2011, the magistrate judge entered an order denying Plaintiff's pending motions for additional discovery and setting Friday, August 12, 2011, as the deadline for responding to both summary judgment motions.  Upon Plaintiff's motion, this deadline was extended to August 31, 2011.  Instead of filing his responses, Plaintiff moved for voluntarily dismiss his claims, which is addressed in Section III of this Order.

Jeffrey Scott Gentry is a state inmate currently incarcerated at Central Mississippi Correctional Facility (CMCF). Defendant Epps is the Commissioner of the Mississippi Department of Corrections (MDOC); Defendant Sparkman is Deputy Commissioner. Dr. Gloria Perry is the Chief Medical Director for MDOC, a position formerly held by Dr. Kentrell Liddell. Ron King is the Superintendent of South Mississippi Correctional Institution (SMCI). Gentry brought this action under § 1983 alleging denial of medical care. Specifically, he claims that prison health professionals wrongfully denied or delayed outside neurological consults to evaluate his back pain and otherwise failed to provide him with appropriate treatment and pain medication.

Plaintiff's prison medical records, which have been submitted in support of the motions, indicate the following. In 2006, while he was free-world, Plaintiff underwent a lumbar laminectomy. Since then he has suffered from chronic lumbar pain. When he entered MDOC custody in 2006, Plaintiff was initially housed at CMCF, where prison medical personnel, treated his pain with Ultram, a narcotic, and Baclofen, a muscle relaxer.[2] In October of 2007, Plaintiff was transferred to SMCI. At that facility, Wexford medical personnel chose to manage Gentry's pain with different medications, in part because they believed Ultram, a narcotic medication subject to abuse by inmates, was not appropriate for treatment of chronic pain. Plaintiff filled out frequent and numerous sick call requests while at SMCI, insisting that the pain medication prescribed for him was

---

[2]Medical care for inmates at CMCF and SMCI is provided by Wexford Health Sources, Inc. (Wexford) under contract with MDOC. Several of the defendants in this action are Wexford employees; these defendants have filed a separate motion for summary judgment.

3

not effective. Although alternative medications were prescribed, he nevertheless continued to complain of lumbar pain and to demand narcotics - particularly Ultram.

Gentry's primary physician at SMCI was Dr. Ronald Woodall. In March of 2008, another physician at SMCI, Dr. Charmaine McCleave, submitted a request for a neurosurgical consult. Dr. Thomas Lehman, the Wexford Associate Regional Director for Mississippi, reviewed the request, reviewed Plaintiff's medical records, and discussed the request with Dr. Woodall. Dr. Lehman concluded that a neurosurgical consult was unnecessary and denied the request. But several months later, after Plaintiff continued to complain of back pain, Dr. Woodall requested a neurosurgical consult. This request was reviewed by MDOC's Office of Medical Compliance and was approved. As a result, in June 2008 Plaintiff was transferred to CMCF for an appointment with Dr. Howard Holaday, a neurosurgeon. Dr. Holaday concluded that Plaintiff needed cervical surgery and subsequently performed an anterior decompression and fusion at C4-5, C5-6, and C6-7. He also ordered an MRI of Plaintiff's lumbar spine. Dr. Holaday did not recommend lumbar surgery, and he released Plaintiff to return to him on an as-needed basis.

Plaintiff remained at CMCF and continued to complain of pain and to request narcotic medications, which were provided intermittently but not on a regular basis. In March of 2009, he was again evaluated by Dr. McCleave. Dr. McCleave requested approval for an MRI of Plaintiff's lumbar spine. The request was denied by MDOC's Office of Medical Compliance. The request was not approved. Again, in October of 2009, a nurse practitioner submitted a request for a specialty care consult to perform an MRI of Gentry's lumbar spine. In response, Dr. Lehman reviewed all of Plaintiff's medical records

4

and concluded that the request for an MRI had been based upon an inaccurate history provided by Plaintiff. Dr. Lehman denied the request.

What is apparent from everything submitted in connection with these motions is that none of the movants had any personal involvement in the decisions involving Plaintiff's medical care. Plaintiff admitted in his testimony at the omnibus hearing that he seeks to hold Epps, Sparkman, Liddell, and King liable primarily because of their supervisory positions in the prison system. As to Defendant Perry, he gave as an additional reason that Dr. Perry denied the third step response to his ARP complaining that his back pain had not been treated properly. He also stated that he had discussed his medical care problems with Defendant King. However, nowhere has Gentry alleged, much less provided evidence of, any direct involvement by these individuals in his healthcare. All of these Defendants confirm in their affidavits attached to their motions that they played no part in the medical decisions involved in Gentry's treatment.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a "supervisory liability" or *respondeat superior* theory. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Rather, in order to establish a constitutional violation under § 1983, a Plaintiff must show that the defendant directly participated in the denial of his constitutional rights. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). Plaintiff has failed to come forward with evidence of any personal involvement on the part of movants. In fact, he has failed to produce evidence of any unconstitutional conduct by anyone, as he has not

shown that any health care provider was deliberately indifferent to his serious medical needs.  See *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

For these reasons, summary judgment is hereby be **granted** in favor of Defendants Epps, King, Sparkman, Perry, and Liddell, and, additionally, the claims against them are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

Remaining are the claims asserted against Defendants Hubert Davis and Johnnie Denmark, the warden and deputy warden, respectively, of SMCI.  These defendants were only recently served with process and have not yet filed a motion for summary judgment.  Nevertheless, because Plaintiff is proceeding *in forma pauperis,* this court has the authority to dismiss these claims *sua sponte* under 28 U.S.C. § 1915(e)(2).  The Court concludes that such dismissal is appropriate in this case.  Plaintiff testified at the omnibus hearing that he had named these individuals as defendants because he told them about the problems he was having with medical care and that they responded by directing him to write a letter about his problems.   He has come forward with no allegations or evidence of any further involvement on their parts.  Thus, he has failed to establish any basis for holding them liable.  Accordingly, the claims against Davis and Denmark are hereby **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

III.   Plaintiff's Motion to Voluntarily Dismiss

As noted, Gentry did not respond to the substance of the Report and Recommendation or two of the motions for summary judgment [138, 202], opting instead to file a motion to voluntarily dismiss his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  As discussed above, the dispositive motions in this case, two

6

in particular [135, 138], have been pending for an extended period of time and the case has been pending for over two and one-half years.  Having considered the motions, the Court finds they are meritorious and this action is due to be dismissed with prejudice.  In sum, the Court finds that Plaintiff's motion to voluntarily dismiss [224] should be **denied**.[3]

The Court also points out that pursuant to 28 U.S.C. § 1915(e)(2), the Court has discretion to dismiss this action at any time if it finds the action is frivolous or fails to state a claim on which relief may be granted.

---

[3] As explained by the Fifth Circuit Court of Appeals,

> The district court's decision to deny a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) is reviewed for abuse of discretion. *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 129 (5th Cir.1978), *cert. denied*, 440 U.S. 915 (1979).  If a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be denied.  9 C. Wright & A. Miller, Federal Practice and Procedure § 2364 (1971 & Supp.1990).  Important in assessing prejudice is the stage at which the motion to dismiss is made.  Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal. *Kramer v. Butler*, 845 F.2d 1291, 1294-95 (5th Cir.) (no abuse of discretion for district court to deny plaintiff's motion for voluntary dismissal where habeas corpus petition litigated for one year and full evidentiary hearing conducted "at significant expense to the state and federal governments"), *cert. denied*, 488 U.S. 865, 109 S.Ct. 168, 102 L.Ed.2d 138 (1988);  *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir.1969) (no abuse of discretion in denying plaintiff's motion to dismiss where case was pending one and one-half years prior to submission of motion, considerable discovery was undertaken, and defendant had briefed motion for summary judgment). . . .

*Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360–61 (5th Cir. 1990).

IV.     Conclusion

Based on the foregoing, the Court finds that the Report and Recommendation [218] is adopted as the opinion of the Court; the motions for summary judgment [135, 138, 202] are granted; and the motion for voluntary dismissal [224] is denied. Plaintiff's claims against all Defendants are dismissed with prejudice.

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be entered.

**SO ORDERED AND ADJUDGED** this the 7th day of September, 2011.

>           s/ *Daniel P. Jordan III*
>           UNITED STATES DISTRICT JUDGE